# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2631

_____

Laura M. Rivera,                 *

                   *

           Appellee,       *

                   *    Appeal from the United States

      v.                *    District Court for the

                   *    District of South Dakota.

Tim Reisch, Secretary of the      *

Department of Corrections; Duane   *    [UNPUBLISHED]

Russell, Warden of the S.D. Women's   *

Prison,                  *

                   *

          Appellants.     *

_____

Submitted: October 30, 2009
Filed: November 9, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Defendants appeal the district court's denial of qualified immunity in this 42 U.S.C. § 1983 action brought by South Dakota inmate Laura Rivera, in which she alleged that defendants were deliberately indifferent to her serious mental health needs in violation of the Eighth Amendment by changing her medication and placing her in segregation for behaviors caused by her mental illness. We will assume, as the district court implicitly found, that the defendants were properly sued in their individual capacities; otherwise, we would have no jurisdiction over this interlocutory appeal. See Krout v. Goemmer, No. 08-2781, 2009 WL 3172180, at *4 (8th Cir. Oct. 6, 2009)

(this court generally has no jurisdiction to hear immediate appeal from denial of summary judgment, but has limited authority to review denial of qualified immunity); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (qualified immunity is defense only to government employees sued in their individual capacity). We deny Rivera's motion to supplement the record, as the proffered material would not affect the appeal's outcome.

Putting aside the question whether Rivera alleged a violation of a constitutional right, see Pearson v. Callahan, 129 S. Ct. 808, 818 (2009) (courts are permitted to exercise their sound discretion in deciding which prong of qualified immunity analysis should be addressed first in light of circumstances of particular case), we conclude that any constitutional right she possessed to different treatment was not so clearly established that a reasonable person in defendants' position would have known that his actions violated her constitutional right in this case, see Krout, 2009 WL 3172180, at *4 (de novo review); Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008) (court must determine whether facts, construed in light most favorable to plaintiff, establish violation of constitutional right, and whether right was clearly established). Warden Russell attested that he and Department of Corrections Secretary Reisch are not involved in decisions regarding the treatment or referral of inmates and that all inmates receive screenings by mental health professionals who are free to make referrals as they deem appropriate. The record indicates that Rivera received significant mental health care at the prison, and she did not present any evidence that these defendants failed to follow any recommendations the mental health staff made regarding medication or segregation. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (prison superintendent who is not involved in treatment decisions and lacks medical expertise is not liable for medical staff's diagnostic decisions).

The order denying qualified immunity is reversed, and the case is remanded to the district court with directions to grant defendants qualified immunity for any damages claims against them in their individual capacities.

_____